UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:
Apollo H.V.A.C. Corporation,
*fdba* Apollo Air Conditioning                                                    Case No. 19-76981-AST
                                                                                  Chapter 7

           Debtor.

-------------------------------------------------------------X
Allan B. Mendelsohn, as Trustee of the
Estate of Apollo H.V.A.C. Corporation,
*fdba* Apollo Air Conditioning, as trustee
of the Trust Created for work performed
at 461 West 34th Street, New York,
New York, Section 732, Lot 1

           Plaintiff,

 -against-                                                                   Adv. Pro. No. 20-08160-AST

Atria Builders, L.L.C., 34-10 Development LLC,
and "John Doe One" Through "John Doe
Ten,"

           Defendants.

-------------------------------------------------------------X

## ORDER ON PARTIAL MOTION TO DISMISS

On September 30, 2020, Allan B. Mendelsohn (the "Trustee") in his capacity as trustee of the Estate of Apollo H.V.A.C. Corporation, fdba Apollo Air Conditioning (the "Debtor"), filed a complaint asserting fourteen causes of action (the "Complaint"). These claims revolve around foreclosing a mechanic's lien filed against the property located at 461 West 34th Street, New York, New York and known as Block 732, Lot 1 (the "Property"), and to recover monies allegedly owed for work, labor, and services provided to the Property.

The Defendants are Atria Builders, LLC ("Defendant Atria"), as contractor (the "Contractor"), and 34-10 Development LLC ("Defendant 34-10"), as owner of the Property (the

"Owner") (collectively, "Defendants"). In lieu of an answer, Defendants filed a motion to dismiss most but not all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "MTD"). [Dkt. 7; Dkt. 9; Dkt. 15].

After due deliberation and for the reasons to follow, Plaintiff's complaint is dismissed as to Count III (Quantum Meruit); Count IV (Turnover); Count IX through X (Actual Fraudulent Conveyance); Count XI (Attorneys' Fees); Count XII (Unjust Enrichment); Count XIII (Promissory Estoppel); and Count XIV (Unconstitutional Taking). The balance of the MTD is denied.

## JURISDICTION AND VENUE

This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding, pursuant to § § 157 (b)(2)(E), (H). Venue is properly placed in the court and is consistent with 28 U.S.C. § 1409 as it relates to a chapter 7 case currently pending before this Court.

## APPLICABLE LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, to survive a motion to dismiss under Rule 12(b)(6), the Complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," however it

does ask for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Conclusory allegations are not entitled to credit. *Ashcroft*, 556 U.S. at 686. All adequately plead facts are presumed to be true and all reasonable inferences therefrom are drawn in favor or the Trustee.

## **DISCUSSION AND BACKGROUND**

The Debtor was formed in or about June 1992. Debtor operated a heating ventilation and air conditioning company for many years. Debtor's business focused on two main activities: (1) acting as a sub-contractor on certain projects to install heating, ventilation, and air conditioning systems in and around Long Island and the greater New York City area; and (2) performing service and maintenance on its installed systems. While Debtor's business was divided into these two distinct categories, it operated as one corporate entity. [Dkt. Item 1; ¶ 12].

For reasons not germane to this dispute, Debtor filed for chapter 7 bankruptcy on October 10, 2019.

The Trustee commenced this adversary on September 30, 2020.

The Trustee alleges that on or about and between June 6, 2016 and August 29, 2018, the Debtor, at the special insistence and request of Defendant Atria as Contractor, and with the knowledge and consent of Defendant 34-10 as Owner, provided all labor and materials necessary to install an HVAC system and related construction services at the Property, for an agreed upon price of $1,249,220.90. Despite the fact that the labor and materials were furnished for improvement of the Property, the Trustee alleges that Defendants failed to pay the $1,249,220.90 despite demand for payment having duly been made. [Dkt. Item 1; ¶ 12-15].

On or about December 20, 2018, within eight months after providing the last item of labor and materials, Debtor filed a Notice of Mechanic's Lien (the "Mechanic's Lien") in the Office of the Clerk of the County of New York, in proper form, in the amount of $1,249,220.90. The

Mechanic's Lien was duly filed and docketed. [Dkt. Item 1; ¶ 16; Exhibit A]. The Mechanic's Lien was served upon the Contractor and Owner pursuant to Section 11 of the Lien Law, and proof of service was filed with the Clerk of New York County. [Dkt. Item 1; ¶ 17; Exhibit B].

On or about December 16, 2019, Debtor filed an Extension of Notice of Mechanic's Lien, extending the Mechanic's Lien an additional year, through and including December 16, 2020. [Dkt. Item 1; ¶ 18; Exhibit C]. Debtor's Mechanic's Lien has not been paid, cancelled, or discharged, and no other action or proceeding at law or in equity has been brought by or no behalf of Debtor for its foreclosure. [Dkt. Item 1; ¶ 19].

The Trustee's first cause of action seeks to foreclose upon the Mechanic's Lien. The Trustee's second cause of action, in the alternative, seeks to collect the unpaid amounts owed to Debtor. Defendants have not sought dismissal of either Count I or Count II.

While Defendants do seek to dismiss Counts III through XIV, the Trustee has not responded to Defendants' request to dismiss his claims for Quantum Meruit (Count III); Unjust Enrichment (Count XII); Promissory Estoppel (Count XIII); and Unconstitutional Taking of Property under the U.S. and New York State Constitutions (Count XIV). Due to the similarity of claims III, XII and XIII, and the lack of a response, those will be discussed together.

### COUNT III: QUANTUM MERUIT
### COUNT XII: UNJUST ENRICHMENT
### COUNT XIII: PROMISSORY ESTOPPEL

In his quantum meruit claim, the Trustee alleges that Defendants knew that Debtor provided labor and materials, that Debtor expected payment thereof, and although payment has been demanded, Defendants have failed to pay Debtor the agreed upon value. In his unjust enrichment claim, the Trustee alleges Defendants have received a $1,249,220.90 windfall while creditors of the estate have been left without sufficient assets from which their claims may be

satisfied. In his promissory estoppel claim, the Trustee alleges Debtor reasonably relied upon Defendants and the promises made by their authorized agents to pay for the work performed by Debtor.

***Legal Standard***

Quantum meruit is rooted in "quasi-contract" and may only apply in the absence of an express agreement. *See Bald Hill Builders, LLC. v. 2138 Secuttle Hole Rd. Realty, LLC*, 2017 WL 3668769 at *4 (E.D.N.Y. 2017) (*citing Beth Israel Med. Ctr. v. Blue Cross and Blue Shield of N.J.*, 448 F.3d 573, 586 (2d. Cir. 2006)). The existence of an express, undisputed agreement governing the same subject matter precludes recovery in quantum meruit. *See Smith v. Mikki More, LLC*, 21 F.Supp.3d 276, 283 (S.D.N.Y. 2014). Accordingly, in these circumstances a quantum meruit claim should be dismissed as "duplicative" of an ancillary breach of contract claim. *See Bald Hill Builders,* 2017 WL 3668769 at *4-5.

Unjust enrichment does not require the performance of any wrongful act by the one enriched; rather, generally, the requirement is that a party hold property under such circumstances that in equity and good conscience he ought not to retain it. *See In re Moyer Group, Inc.* 586 B.R. 401, 408 (Bankr. S.D.N.Y. 2018).

A claim for promissory estoppel under New York law arises out of breached promises in circumstances where it is fair to hold the promisor to the terms of his promise. *See In re Cairns & Associates, Inc.*, 372 B.R. 637, 658 (Bankr. S.D.N.Y. 2007).

Claims for unjust enrichment and promissory estoppel cannot be stated and should be dismissed as "duplicative" where a valid contract exists and a claim for breach of contract is already asserted based on the same conduct. *See iSentium, LLC V. Bloomberg Fin. L.P.*, 2018 WL 6025864 at *4-5 (Bankr. S.D.N.Y. 2018).

*Application*

Here, Trustee is asserting a breach of contract claim and alleges that an express written contract between Defendant Atria and Debtor governs Debtor's work. [Dkt. 1; ¶ 21-23]. The contract between the parties was attached to the Declaration filed by Defendants' counsel in support of the MTD (the "Contract"). [Dkt. 8; Exhibit A]. Neither side disputes the existence or validity of the Contract.

Therefore, because the quantum meruit, unjust enrichment, and promissory estoppel claims are for nonpayment of the same services governed by the Contract, and thus are the subject of the Trustee's breach of contract claim, Claims III, XII, and XIII are precluded and should be dismissed.

### COUNTS V THROUGH VIII: CONSTRUCTIVE FRAUDULENT CONVEYANCE

The Trustee seeks to recover the value of services transferred to the Defendants, alleging claims of constructive fraudulent transfers pursuant to New York Debtor and Creditor Law ("NYDCL") Sections 273, 275 and 278, and Bankruptcy Code Sections 544 and 550.

*Legal Standard*

Under NYDCL Section 272, a transfer may be avoided as constructively fraudulent if made "without fair consideration", and one of the following conditions is met: (i) the transferor is insolvent or will be rendered insolvent by the transfer in question under NYDCL Section 273…. or (ii) the transferor believes that it will incur debts beyond its ability to pay under NYDCL Section 275. *See In re Sharp Int'l. Corp.*, 403 F.3d 43, 53 (2d. Cir. 2005). Under NYDCL Section 272(a), "fair consideration" requires both an exchange of fair value and good faith. *See In re APCO Merchant Services, Inc.*, 585 B.R. 306, 317 (Bankr. E.D.N.Y. 2018).

Section 544(b) of the Bankruptcy Code empowers the trustee, or other representatives of the bankruptcy estate, to utilize applicable state law remedies held by a creditor of a debtor at the time of the filing of the case. *See In re Interstate Cigar Co.*, *Inc.*, 278 B.R. 8, 18 (Bankr. E.D.N.Y. 2002). Section 550(a) of the Bankruptcy Code provides that, "to the extent that a transfer is avoided under Section 544…of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property from: (1) the initial transferee of such transfer or the entity for whose benefits such transfer was made; or (2) any immediate or mediate transfer as such initial transferee." 11 U.S.C. § 550 (a).

Defendants assert that Trustee's constructive fraudulent conveyance claims should be dismissed because: (1) Debtor's services are not a "conveyance" under the NYDCL; and (2) the Trustee cannot recover the value of such services under Bankruptcy Code Sections 544 and 550.

Defendants are correct that a necessary element of a fraudulent conveyance claim under NYDCL §§ 273 and 275 is a "conveyance." Section 270 of the NYDCL defines a "conveyance" as "every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance." New York courts have held that "personal services" provided by a judgment debtor are not conveyances as defined by NYDCL Section 270. *See State Farm Ins. Co. v. Shanley & Schwartz, Inc.* 111 A.D. 3d 918, 919-20 (2d. Dep't 2013); *SMS Financial XV, LLC v. Raquette Lake Camps, Inc.*, 90 A.D.3d 741, 741 (2d Dep't 2011).

While New York courts have held that "personal services" provided by a judgment debtor are not "conveyances" as defined by NYDCL Section 270, Judge Grossman of this court has previously noted an important distinction regarding the furnishing of services by corporations in the context of fraudulent conveyance actions. This court has held, that while "personal services"

by a judgment debtor are not included within the definition of conveyances under NYDCL 270, a corporation itself cannot provide "personal services." *See In re Jadeco Construction Corp.*, 606 B.R. 169, 180 (Bankr. E.D.N.Y. 2019).

In *Jadeco*, the trustee sought to recover the value of pre-petition labor and materials provided by the debtor as a constructive fraudulent conveyance. *See id.* at 175. Judge Grossman held that the labor provided by the employees of the debtor corporation or contractors hired by the debtor were not "personal services." *See id.* at 188. Rather, the trustee there was seeking to recover the value of the labor provided by third parties hired by the debtor and the value of the materials provided. *See id.* Therefore, the court denied a summary judgement motion seeking dismissal of the trustee's constructive fraudulent transfer claim solely on the basis of the debtor providing personal services. *See id.* at 188-89.

*Application*

Defendants here argue that *Jadeco* was wrongly decided and that this court "did not analyze the plain statutory language of the NYDCL" in finding that construction services provided by a debtor, using third-party labor, may constitute a "conveyance" under NYDCL Section 270. This Court will follow *Jadeco* at this pleading stage and deny the MTD as to Counts V Through VIII.

### COUNTS IX THROUGH XI: ACTUAL FRAUDULENT CONVEYANCE

The Trustee's ninth and tenth causes of action allege that the services were provided to Defendants with actual intent to hinder, delay, or defraud either present or future creditors. Therefore, Trustee seeks to avoid the value of the services pursuant to NYDCL Section 276 and to recover the value of the services pursuant to NYDCL Section 278 and Bankruptcy Code Sections 544(a) and 550(a). In his eleventh cause of action, the Trustee seeks attorneys' fees

incurred in connection with the actual fraudulent conveyance claims, pursuant to NYDCL Section 276-a.

### *Legal Standard*

Under New York law, a conveyance made with actual intent to hinder, delay, or defraud creditors is fraudulent regardless of whether consideration is exchanged. *See* NYDCL § 276. To avoid actual fraudulent transfers under NYDCL Section 276, actual fraudulent intent must be proven by clear and convincing evidence; however, such intent may be inferred from the circumstances surrounding the transaction. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 639 (2d Cir. 1995). Due to the difficulty of proving actual intent, the pleader is allowed to rely on "badges of fraud" to support her case, being circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent. *See Sharp Int'l* 403 F.3d at 56 (*quoting Wall St. Assocs. v. Brodsky*, 257 A.D.2d 526, 529 (1st Dep't 1999). To state a claim for actual fraudulent transfer under New York law, a complaint need only sufficiently allege fraudulent intent by the transferor; fraudulent intent on the part of the transferee need not be plead. *See In re Janitorial Close-Out City Corp.,* 2013 WL 492375 at *5 (Bankr. E.D.N.Y. 2013). However, while recovery of a fraudulent transfer under NYDCL 276 only requires a showing of the transferor's fraudulent intent, recovery of attorney's fees under NYDCL 276-a requires the plaintiff to prove the fraudulent intent of both the transferor and the transferee. *See id.* at *7.

### *Application*

The Trustee vaguely alleges that Debtor provided services to Defendants with actual intent to hinder, delay, or defraud either present or future creditors. However, the Trustee only makes conclusory allegations, and does not assert any specific facts to suggest how or why Debtor or Defendants acted with any actual intent to hinder, delay, or defraud present or future creditors

when Debtor provided services to Defendants. Therefore, the Trustee has not met his *Iqbal / Twombley* burden to plausibly allege sufficient factual matter that could result in relief being granted on his actual intent claims. Similarly, where dismissal of a NYDCL Section 276 claim is warranted, a NYDCL Section 276-a attorney's fees claim must also be dismissed. *See In re Dreier LLP*, 462 B.R. 474, 493-94 (Bankr. S.D.N.Y. 2011) ("By its terms, DCL § 276-a is derivative of an actual fraudulent transfer claim under DCL § 276…hence, it 'stands or falls' with the disposition of that claim.").

Therefore, Counts IX through XI should be dismissed.

## COUNT XIV: UNCONSTITUTIONAL TAKING

The Trustee's unconstitutional taking claim alleges that both the United States and New York State Constitutions prohibit the taking of private property without payment or just compensation. As such, because Defendants allegedly provided no compensation for the work received from Debtor, the Trustee alleges Debtor has a property interest in the amounts due and Defendants should be compelled to compensate the bankruptcy estate for the work received based on a claim of unconstitutional taking.

*Legal Standard*

The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: "[N]or shall private property be taken for use, without just compensation." *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063, 2071 (2021) (*citing* U.S. CONST. amend. V). When the federal or state government physically acquires private property for a public use, the Takings Clause imposes an obligation on the government to provide the owner with just compensation. *See id*. In order to plead an unconstitutional taking of property, a plaintiff must allege: (1) that plaintiff possessed a valid property interest; and (2) that there was a taking of that

property interest under color of law without compensation. *See Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003). Where there is no state action that directly interferes with, or substantially disturbs the owner's use and enjoyment of the property, there is no unlawful taking. *See Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691 F.Supp.2d 355, 361 (E.D.N.Y. 2010).

For an act to be "state action" there must be: (1) an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Amer. Mfg. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999). For a private entity to be a state actor, a plaintiff must plead that the allegedly unconstitutional conduct is "fairly attributable" to the state. *Id*. at 50.

### *Application*

This adversary proceeding concerns a dispute over a contract entered into between private parties. The Trustee does not allege any state action that deprived the Debtor of property, which is required for an unconstitutional taking claim to survive dismissal.

Therefore, Count XIV should be dismissed.

### COUNT IV: TURNOVER

The Trustee's turnover claim alleges that in failing to pay the alleged agreed upon value, Defendants are in possession, custody, and control of assets of the Debtor that the Trustee may use, sell, or lease under Bankruptcy Code Section 363. As such, the Trustee alleges, Defendants must turn over property of the estate under Bankruptcy Code Sections 541 and 542. [Dkt. 1; ¶ 30-38].

*Legal Standard*

To state a claim under Section 542 of the Bankruptcy Code, the Trustee must allege three elements: (1) that an entity has possession, custody, or control of property of the estate; (2) that he may use, sell, or lease the property; and (3) that property is not of inconsequential value or benefit to the estate. *See In re Collins*, 2018 WL 878877 at *5-6 (Bankr. E.D.N.Y. 2018). There must be no dispute as to "the estate's interest in the property sought to be turned over." *See id.* (*quoting In re 11 E. 36th LLC*, 2015 WL 2445075 at *11 (Bankr. S.D.N.Y. 2015)) ("Section 542(a) does not apply if title [to the property of which turnover is sought] is disputed.") (*quoting In re Gen. Media, Inc.*, 335 B.R. 66, 76 (Bankr. S.D.N.Y. 2005). Further, the property at issue must be undisputed property of the bankruptcy estate. *In re Khan*, 2014 WL 4956676 at *37 (Bankr. E.D.N.Y. 2014) (*aff'd In re Khan*, 2015 U.S. LEXIS 133241 (E.D.N.Y. Sept. 30, 2015). *See generally, Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 212 (2d Cir. 2014) (the asset made the subject of a fraudulent transfer claim does not become property of the debtor's estate until the trustee obtains a favorable judgment.).

*Application*

Because the allegedly agreed upon value of Debtor's services is in dispute, the property at issue in this adversary proceeding is in dispute. Therefore, the Trustee is not entitled to turnover pursuant to Section 542 of the Bankruptcy Code, and his Count IV should be dismissed.

## CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that Plaintiff's complaint is dismissed as to Count III (Quantum Meruit); Count IV (Turnover); Count IX through X (Actual Fraudulent Conveyance); Count XI (Attorneys' Fees); Count XII (Unjust Enrichment); Count XIII (Promissory Estoppel); and Count XIV (Unconstitutional Taking); and it is further

**ORDERED**, that Defendants are to file an answer with respect to all remaining claims within twenty-one (21) days from entry of this Order.



Dated: July 30, 2021
Central Islip, New York

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**